WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

National Lending Group,          )
L.L.C.,                          )
                                 )
                Plaintiff,       )    No. 05-2665 CIV PHX RCB
                                 )
        vs.                      )       O R D E R
                                 )
Lillia M. Vannett, in her        )
capacity as Chief, National      )
Licensing Center, a Division     )
of the Bureau of Alcohol,        )
Tobacco, Firearms &              )
Explosives,                      )
                                 )
                Defendant.       )
_____)

     On September 6, 2005, Plaintiff National Lending Group, L.L.C.

filed a motion for a writ of mandamus in this case.  Motion for

Writ (doc. 6).  In its motion, Plaintiff sought a writ of mandamus

compelling "Defendant Vannett and/or her successor-in-title to

immediately issue Plaintiff's Federal firearms license[.]" Id. at

6.  On November 21, 2005, Plaintiff requested entry of default

against Defendant.  Request (doc. 7).  The Clerk of the Court

entered default on November 30, 2005.  Entry of Default (doc. 8).

1    Thereafter, on December 21, 2005, Defendant filed a motion

2  requesting that the Court set aside the entry of default.  Motion

3  to Set Aside (doc. 9).  Plaintiff concedes that the entry of

4  default should be set aside.  Resp. (doc. 11) at 4.

5    On January 20, 2006, Defendant filed a motion to dismiss this

6  matter.  Motion to Dismiss & Memo. (docs. 12 & 13).  Specifically,

7  Defendant argues that this case is moot because, subsequent to the

8  filing of the complaint in this matter, Plaintiff's application for

9  a firearms license was denied.  Memo. (doc. 13) at 2.  Again,

10  Plaintiff concedes that Defendant's argument is "technically

11  correct" and that the matter is moot.  Resp. (doc. 16) at 2.

12  However, Plaintiff requests that the Court, instead of dismissing

13  this case, "stay the proceedings in this matter for a period of six

14  (6) months, thereby permitting Plaintiff to complete its

15  administrative remedies and, if appropriate, to use this case for

16  judicial review under the Administrative Procedures Act."  Id.

17  Plaintiff asserts that it "should not be required to expend [the

18  costs and expense to file its complaint] a second time to appeal an

19  administrative hearing officer's decision."  Id.

20    Although Defendant states that it would suffer no real

21  prejudice if the stay is granted, it opposes such a stay, arguing

22  that it would hinder the Court's calendar and case management.

23  Reply (doc. 17) at 1.  Additionally, Defendant asserts that

24  Plaintiff's request should be denied, because the current matter

25  and any potential litigation in the future would be based on

26  different statutes and, thus, would be different.  Id. at 2. The

27  Court agrees.

28    The Court shall deny Plaintiff's request for a stay.  Any

1  potential litigation in the future must be commenced with the
2  filing of a new law suit.
3       Therefore,
4       IT IS ORDERED that Defendant's motion to set aside the entry
5  of default (doc. 9) is GRANTED.
6       IT IS FURTHER ORDERED that Defendant's motion to dismiss (doc.
7  12) is GRANTED.
8       DATED this 4th day of April, 2006.
9
10
11  _____
12       Robert C. Broomfield
         Senior United States District Judge
13
14  Copies to counsel of record
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 3 -